IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL MENDENHALL,<br><br>       Petitioner,<br><br> vs.<br><br>D. MILLER,<br><br>       Respondent. | Case No. 3:14-cv-00001-RRB |

## ORDER OF DISMISSAL

On January 14, 2014, Michael Mendenhall, a state prisoner representing himself, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his conviction for distributing indecent material to minors, in Alaska Superior Court Case No. 3AN-12-11862CR.[1]  Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[2]  If so, "the judge must dismiss the petition."[3]  As explained below, Mr. Mendenhall's petition must be dismissed under Rule 4.

---

[1] Docket 1.

[2] Rules Governing § 2254 Cases in the United States District Courts, Rule 4.  See 28 U.S.C. § 2243.

[3] *Id.*

3:14-cv-00001-RRB, *Mendenhall v. Miller*
Order of Dismissal
Page 1 of 5

Case 3:14-cv-00001-RRB   Document 3   Filed 01/14/14   Page 1 of 5

Exhaustion of State Court Remedies

Habeas relief is not available "unless the applicant has exhausted the remedies available in the courts of the State."[4]  That is, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must . . . giv[e] the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[5]  The Supreme Court explains that "[t]he exhaustion doctrine . . . is founded on concerns broader than those of the parties; in particular, the doctrine fosters respectful, harmonious relations between the state and federal judiciaries."[6]  To satisfy the exhaustion requirement, a "prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."[7]

Mr. Mendenhall acknowledges that he has failed to exhaust his state court remedies as to any of his twelve grounds for relief, claiming that "the process would be futile and time consuming and ineffective to protect Petitioner's federal

---

[4] 28 U.S.C. § 2254(b)(1)(A).

[5] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted).

[6] *Wood v. Milyard*, 132 S.Ct. 1826, 1833 (2012) (citation omitted).

[7] *Baldwin*, 541 U.S. at 29 (citations omitted).  In Alaska, a criminal defendant may request discretionary review by the Supreme Court.  *See* Alaska Statutes §§ 22.05.010, 22.07.020, 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

rights."[8] This Court, however, cannot join in Mr. Mendenhall's assumption that any appeal or application for post-conviction relief will be addressed by biased state appellate courts which will not protect his rights. Instead, this case will be dismissed without prejudice, and Mr. Mendenhall may bring each of his claims in the state trial court, the state appellate court and the state supreme court. He may then file an appropriate and timely federal petition.

Mr. Mendenhall is cautioned that "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court."[9]

Mr. Mendenhall is also warned that there is a one-year limitations period in which to file a habeas petition.[10] Although this time period is tolled (suspended)

---

[8] Docket 1 at 5-8, 12-13, 16-17, 21, 25, 28, 30, 32, 34, 38, 43, 48.

[9] *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *see also Custer v. Hill*, 378 F.3d 968, 974-75 (9th Cir. 2004) (Petitioner who failed to reference his ineffective assistance of counsel claim in his petition for review in Oregon Supreme Court failed to exhaust his state court remedies with respect to that issue, for purposes of federal habeas corpus petition).

[10] *See* 28 U.S.C. § 2244(d)(1).

during the pendency of any state court post-conviction proceedings,[11] "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."[12]  Thus, the time during which Mr. Mendenhall has had an action pending in this Court, since not an "application for State post-conviction or other collateral review,"[13] does not toll that one-year time period.  In the event that the one-year limitations period has not yet run, Mr. Mendenhall should promptly begin exhausting his state court remedies, or risk the running of the statute of limitations, forever barring relief in federal court.

**IT IS THEREFORE ORDERED:**

1. This case is DISMISSED.  Mr. Mendenhall may file a timely new petition in this Court after all issues that he seeks to raise are exhausted in the state courts by presentation first to the Alaska Superior Court then, if Mr. Mendenhall disagrees with that result, to the Alaska Court of Appeals and

---

[11] *Hasan v. Galaza*, 254 F.3d 1150, 1153-54 (9th Cir. 2001) (under § 2244(d)(2), the limitations period is tolled while a state habeas petition is pending); *Tillema v. Long*, 253 F.3d 494, 499-502 (9th Cir. 2001) (the period of limitation is tolled during the pendency of a state challenge to the pertinent judgment, even if that challenge does not include a claim later asserted in the federal habeas petition).

[12] *Duncan v. Walker*, 533 U.S. 167, 181 (2001); *see also*, *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) ("We hold that section 2244(d)(2) does not toll the AEDPA limitations period while a federal habeas petition is pending."); *Fail v. Hubbard*, 315 F.3d 1059, 1062 (9th Cir. 2001) ("[T]he delay in this case was not beyond Fail's control. By continuing to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court, Fail was the cause of the delay that ultimately made his second petition untimely.").

[13] *Duncan*, 533 U.S. at 181.

then, if he disagrees with that result, in a petition for hearing to the Alaska Supreme Court.

2. Any outstanding motions are DENIED.

3. The Clerk of Court will enter a Judgment in this case.

4. A Certificate of Appealability will be DENIED.[14]

Dated at Anchorage, Alaska this 14th day of January, 2014.

*RALPH R. BEISTLINE*
United States District Judge

---

[14] A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Ninth Circuit Rule 22-1(a) ("Petitioners appealing the district court's judgment in either a 28 U.S.C. § 2254 or a § 2255 proceeding shall follow the procedures set forth in FRAP 4 and 22(b). A motion for a certificate of appealability ('COA') must first be considered by the district court. If the district court grants a COA, the court shall state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). The court of appeals will not act on a motion for a COA if the district court has not ruled first.").